IN THE UNITED STATES DISTRICT COURT FOR
THE NORTHERN DISTRICT OF OKLAHOMA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. 89-CR-0091-001-TCK |
| | ) | |
| WARD LARAY PRICE, | ) | USM Number: 06262-062 |
| | ) | |
| Defendant. | ) | |

**OPINION AND ORDER**
**REDUCING SENTENCE**

Before the Court is this Court's *sua sponte* order to show cause why Defendant's sentence should not be modified pursuant to 18 U.S.C. § 3582(c) (Doc. 354) and Defendant's § 3582 motions (Docs. 303 and 353). The Court has also considered the Government's response objecting to a reduction in sentence (Doc. 365), and Defendant's reply to the order to show cause, wherein counsel for the Public Defender's Office advanced justification for reduction of sentence (Doc. 370). At the original sentencing, Judge H. Dale Cook imposed an imprisonment term of life as to Count One of the Superseding Indictment based on application of USSG §2D1.1, which resulted in a total offense level of 44 and a sentence of life. In March 2008 Defendant filed a motion for reduction of sentence based on Amendment 706 (Doc. 303). Judge Cook promptly denied the motion (Doc. 305), finding the offense involved in excess of seven kilograms of crack cocaine, making the Defendant ineligible for a sentence reduction. The Tenth Circuit reversed the denial of Price's motion, finding Defendant responsible for 500 grams of crack cocaine and eligible for an Amendment 706-adjusted sentencing range of 360 months to life (Doc. 344). In a subsequent § 3582(c) motion, Defendant again urges the Court to modify sentence and further argues, presumably under a Booker theory and the "rule

of lenity," that the sentence should be based on 500 grams of cocaine powder, not crack cocaine, and requests an evidentiary hearing to prove his claim (Doc. 353).

Retroactive Amendment 706, which revises §2D1.1, reduces the base offense level two levels for a total offense level of 42, resulting in an amended guideline range of 360 months to life. Because Amendment 706 results in a reduced guideline range, Defendant is eligible for sentence modification pursuant to § 3582(c). The Government asks this Court to exercise its discretion and not modify the sentence, citing Defendant's role in a sophisticated offense, bribery of a police officer to obtain drugs and weapons, lack of remorse, evidence of responsibility for drug quantities exceeding those found by the Tenth Circuit, and Defendant's poor conduct history while confined (Doc. 365 at 15-16). The Court disagrees. Defendant's sentence was enhanced significantly for his role in the offense, obstructive conduct, and failure to accept responsibility, and therefore these factors are not, in this Court's opinion, appropriate elements to consider in deciding whether or not to grant Defendant's motion. Further, the applicable drug quantity has been determined by the Circuit and will not be revisited here. This leaves the issue of Defendant's post-sentencing conduct. Independent investigation by this Court has determined that Defendant has a record of sixteen misconducts since imprisoned.[1] Although the number of infractions is appreciable, the majority are for relatively minor violations and the record is further mitigated by a clean conduct history since

---

[1] According to Bureau of Prisons' records, Defendant has been cited for the following misconducts: February 1991- Insolent to Staff; May 1991- Absent from Assignment, Fail to Work; July 1991 - Refuse Obey an Order,; January 1992 - Fail Follow Safety Regulations; February 1992 - Possess Unauthorized Item, In Unauthorized Area; May 1993 - Possess Unauthorized Item; December 1993 - Refuse to Work/Obey Order; February 1994 - Being Unsanitar; December 1994 - Refuse to Obey Order; November 1995 - Refuse to Obey Order; April 1997 - Possess Intoxicants; and October 2004 - In Unauthorized Area, Possess Dangerous Weapon and Assault with Serious Injury.

October 2004. Further, Defendant's prior criminal history is minimal, characterized by a single nonviolent juvenile adjudication. In assessing his conduct from a public safety perspective, this Court finds his history, taken as a whole, to be less egregious than a typical drug distribution defendant. Finally, to a lesser degree, this Court has considered the fact that other than loss of privileges there is little incentive for a "lifer" to behave. Perhaps a sentence that permits accrual of good conduct time credits, and conversely, loss of time credit for bad behavior, will assist the Bureau of Prisons and further the interests of public safety more than a message to Defendant that his sentence reduction was denied due to poor institutional conduct. After review of the facts of this case, consideration of the effect of Amendment 706 and all § 3553(a) factors, and arguments of the parties for and against modification of sentence, the Court finds that good cause exists for reduction of Defendant's sentence within the revised guideline range. Accordingly, Defendant's request for a reduction in sentence pursuant to 18 U.S.C. § 3582(c) (Docs. 303 and 353) is **granted**.

In addition to arguing for reduction of sentence based on Amendment 706, Defendant also moves for a hearing to establish a lesser guideline range based on powder as opposed to crack cocaine. The Tenth Circuit has ruled that Defendant is responsible for 500 grams of cocaine base, and set forth the Amendment-706 revised guideline range of 360 months to life. See United States v. Price, No. 08-5048, 2008 WL 4788263 (10th Cir. Oct. 31, 2008) (unpublished). This Court is without authority to reconsider previous findings on drug type or quantity as § 3582(c) proceedings are not de novo resentencings, rather the district court is only empowered to resentence based upon application of the amended guideline, leaving other sentencing factors unaffected. See United States v. Rhodes, 549 F.3d 833 (10th Cir. 2008). Finally, a hearing is not required for consideration of a Defendant's § 3582(c) motion. See United States v. Legree, 205 F.3d at 729-30 (4th Cir. 2000)

(finding that a judge need not hold a hearing on a motion pursuant to 18 U.S.C. § 3582(c)); United States v. Townsend, 98 F.3d 510, 512-13 (9th Cir. 1996) (concluding district court did not abuse its discretion when it did not hold an evidentiary hearing relative to a § 3582(c) motion); see also Fed. R. Crim. P. 43(b)(4) (stating that a defendant's presence is not required in a proceeding that involves the correction or reduction of sentence under § 3582(c)).

Accordingly, Defendant's motions (Docs. 303 and 353) are GRANTED IN PART and DENIED IN PART. Defendant's request for a sentence reduction is GRANTED. Defendant's requests for an evidentiary hearing and consideration of a guideline calculation based on powder cocaine are DENIED.

**IT IS THEREFORE ORDERED** that the term of imprisonment originally imposed in Count One of the Superseding Indictment is reduced to 360 months.

**IT IS FURTHER ORDERED** that all other terms and provisions of the judgment are unchanged and shall remain the same as originally entered.

**DATED** this 30th day of March, 2009.

_____
TERENCE KERN
United States District Judge